Mr. Nash, you can proceed whenever you wish. Do you want to reserve time? Yes, I do, Your Honor. How much? Three minutes. Three minutes, okay. Good morning, Your Honors. Counsel, may it please the Court. The reason we are here, Your Honor, is to determine whether a sentence of probation is persuasively justified where that individual solicited the production of child pornography over the Internet, was subsequently convicted of possession of child pornography, where that specific individual personifies the heartland of sentencing guideline analysis and statutory analysis. Carty emphasizes that the further we get away in sentencing from the baseline of the guidelines and from reasonableness, the more persuasive the reasons must be. Counsel, can we start with the standard of review here? Is it an accurate statement that we really don't have any case post-Gall in our circuit and post-Carty that states what the standard of review is when there has been no objection by the government to the sentence at the sentencing hearing? And the judge goes through 3553A in great detail. What is the government's position as to what the appropriate standard is? Is it plain error? Is it abuse of discretion? Is it something else? And if so, why? I believe that Carty specifically says that it is abuse of discretion, but it's sort of a modified approach. The government submits that under the case law, specifically Gall and Carty, the sliding scale of reasonability or reasonableness comes into play with deference to the district court. Here, the government doesn't believe that while there are ample statements of fact... And that's where you get the abuse of discretion standard from, right? Yes. Okay. Here, it's clear that the record has a number of different reasons why this defendant should have received a probationary sentence. However, on closer analysis, all of those reasons are either unjustified or unreasonable, most specifically the district court's finding that no actual children were used in this particular case. I don't know if I heard you really answer Judge Smith's question on the standard of review. I think he's really in the light of the fact that the government, you know, expressed no objection at the time of sentencing that, you know, the court either didn't address all the required factors or addressed them wrongly, right? Not a word was said. He just accepted the sentence. So why shouldn't it be plain error review? Because, Your Honor, the government and the defendant and probation preserved their positions articulately in pre-filing, in pre-sentencing filings. The government filed a sentencing memorandum preserving and setting forth its position that a sentence of 51 months, the high end of the guideline range, was what it deemed to be reasonable. So the government's taking the position that in the pre-sentencing report, if it asked for a particular sentence, that by so doing it has raised an objection to anything else? Is that the government's position? No, Your Honor. The government's position is that we preserved our position sufficient for the standard of review analysis. Okay. So, but I guess what I'm saying is, you're saying that you don't have to say audibly in front of the judge at the time that the judge pronounced the sentence. We object, Your Honor. You're just saying that whatever's in the PSR, that sets the standard of review and therefore, it's not plain error review then. It's abuse of discretion by definition. Is that right? It's not specifically the PSR, Your Honor. The government filed a sentencing memorandum setting forth its position. And that's what the government's pointing at principally as preservation. Do you have any case law authority for the idea that you can use sentencing memoranda or a PSR as the basis for an objection in this situation? No, I don't. Okay. There isn't any, is there? Not that I'm aware of. So you're asking us really to make new law? No, Your Honor. I'm asking you to simply look to the government's position and take that as its stated position in court. I believe it was also stated in court. Should we trust or trust and verify? Trust and verify. Okay. Here, the government submits that the court's findings, while numerous and rampant on the record, fail to account for all of the 3553A factors and fail to follow the rubric of CARTI. And specifically under that analysis, the government is seeking an order declaring the sentence substantively unreasonable and perhaps procedurally unreasonable. The court went on to say that there was no actual minor involved in the production here. However, the record indicates that the defendant was convicted of the possession of child pornography and admitted to the fact that actual children were used in those particular photographs. The court went on to say that the defendant did not fit the profile of a pedophile, yet the record is replete with his statements of interest of the sexual abuse of young children. The court went on to say that your problem is psychiatric. Yes, ma'am. Let me just get back to the statement, which I noticed too. Judge Jones said that the defendant didn't fit the profile of a pedophile. But is that something about which there's a common understanding as to what a profile is? Or was there some expert testimony or something in the record of what a pedophile's profile is? No. There was no expert testimony presented in the record about what a pedophile is, and the government does not believe it's commonly understood psychiatric diagnosis. Therefore, had the court advised the parties, and I understand that the government has withdrawn its 32H argument, but even with notice to the parties that the court was considering this type of departure, both the court and counsel and the defense counsel could have reviewed evidence about what that particular profile would be. So the court and counsel would be more educated with respect to that. And I understand... But counsel, it didn't... I mean, obviously, Gall... We're all dealing with post-Booker things here. It seems like the Supreme Court's going out of its way to say, let's get back to the way we used to do things here. Yeah, we got to tip our cap to the guidelines, go through those, but we want these people who are looking at the court to make these sentencing determinations. Isn't that what Gall's all about? Your Honor, I would respectfully submit that Gall requires the sentences, first of all, to be reasonable. Okay. But what's the standard for that? The standard of reasonableness is set forth in Carty for the Ninth Circuit. Reasonability, I guess, is a penumbra or a shadow that perhaps... Sounds like Justice Goldberg. It's a sliding scale of black and white and gray, with white being reasonability and black being unreasonable on either side. In order to slide from one side of the scale to the next or to deviate from the center, there has to be a persuasive reason. And those persuasive reasons have to be grounded in the record and grounded in fact. And here, Your Honor, they simply are not. Okay. I have let you go on beyond the three minutes. I apologize for that. So if you want to reserve the rest of your time, counsel? Good morning. May it please the Court and counsel. Wayne Mackeson on behalf of the defendant. I respectfully submit that there is no meaningful distinction between this case and the Supreme Court's decision in Gall v. United States. The government is trying to recast or redress arguments regarding extraordinary circumstances to justify a variance outside of the guidelines and... Hold on one second, counsel. I don't think we've started the time there. Thank you. And other arguments regarding a 22-level downward departure, which I don't think is quite accurate either. But in Gall, the Court clearly rejected any idea that there's got to be a showing of extraordinary circumstances. According to your position, counsel, what is the standard of review by which we are to review this matter? I think it's plain error, Judge. I mean, I think you've got some obligation, if you take issue with what the trial judge is doing, to bring that to the judge's attention at the time so that he can fix it. So now from your perspective, does it really make much difference? I mean, in this case, the trial judge went out of his way. Extraordinary. I mean, I've never seen anything quite like it. To explain this sentence, he went over every aspect of 3553A, in some cases not once but twice. Talked about this as unique. He'd seen hundreds and hundreds of cases. He'd never seen anything quite like it. But under the circumstances, he concluded this was the way to go. Whether it was abuse of discretion or plain error, does it really make any difference from your perspective, so long as counsel for the government is not correct that it is unreasonable based upon some standard yet to be articulated? I don't think it makes a lot of difference, Judge. You know, I think it ought to be plain error, but under Gull, at the root of it all, it's abuse of discretion, and the appellate court ought to give due deference to the decision by the trial court. And really, what all that happened here is that the government is taking issue to the way in which the trial judge balanced basically the nature and circumstances of the kind of offense we have versus the characteristics and background of this particular defendant. And they don't like the way the judge balanced it, but I don't think that gets you to an abuse of discretion. The judge painstakingly reviewed all of the factors. And I respectfully disagree about the expert testimony. The judge, from the time the plea was entered, was keenly interested in the psychological issue and background of this particular defendant and asked about that. And Dr. Vien — There was an evaluation done, wasn't there, at least one? There was an evaluation done by Dr. Vien both before the plea and one, again, shortly before sentencing. And Dr. Vien looked at all of the records of counseling and treatment that this particular defendant was engaged in between the time of plea and the time of sentencing. And that was unrebutted. There's no expert testimony to rebut that. Clearly, the government was on notice that that was the issue that the judge was interested in. And under Gall, the Court makes it a point to say that the judge, the trial judge is in the position of judging credibility and understanding the particular facts of the case, and that a trial judge has insight into a case that's not necessarily even reflected in the record, and that the trial judge has an institutional advantage in that a trial judge sees many, many cases and does many, many sentencing, you know, often of which many of those cases don't end up on appeal. And I think that that's what Judge Jones, an experienced trial judge, was doing in this case. And he says that this case, this particular defendant, was totally different than anything else that he had seen in his experience. And I think that is something which the appellate court, I submit, ought to defer to. And I think there's no showing here that there was an abuse of discretion by Judge Jones. I think, on the contrary, he was very anticipated the Court's decision, not only in Gall, which was decided after, but also this Court's decision in Carty. So. If we just arguendo, take your initial point that the standard of review here is that it is plain error, how is the third prong satisfied since it's the government that is the objector in this case? I don't think it can satisfy the third prong. It's kind of an unusual situation, isn't it? I would agree, sure. So if that's the case, can we use plain error review in this situation? I mean, from an analytical perspective, does it make sense to use plain error if the government is the objecting party? Well, at the bottom, if the Court is referring to the fairness and integrity of the proceeding, I submit that under that standard, the government hasn't met that standard. And I think that's what we're showing, that one can look at the record here of not only an experienced trial judge, but a judge who painstakingly not only was aware of and took into account the guidelines, but made a very clear explanation of the decision. Well, you see, here are the problems with the record, the sentencing record, that your opponents point to the government. I agree that Judge Jones spent a lot of time going through the 35, 53 factors. He addressed almost all of them, but an argument could be made that he addressed a lot of them incorrectly. For instance, I agree with the government. He seems to rely on the fact that this defendant didn't fit the profile of the pedophile. But there's nothing in the record as to what a profile of a pedophile is, so we can't test whether he's correct or not. Two, you know, he said, well, he needs outpatient counseling. Well, what's the difference between outpatient counseling and in-prison counseling? I don't know. That seems to me a distinction without a difference. Number three, he says there was no actual minors involved, but he pled guilty to a count that involved an actual minor. So there are a number of errors, factual errors, I think, in the record that don't support the conclusion that Judge Jones came to. Now, what should we do with those things? Well, I disagree. On the first point with respect to the profile of a pedophile, I would point to Dr. Vienne's testimony. I think there is expert testimony in the record, and that report basically was saying that he's not – that that wasn't a concern, that he had sexually abused any – on a personal level, any victims. And so I think that that's what Judge Jones was referring to, at least in a sort of shorthand way. I would agree that there were – there's a finding that the plea is based on – there were 10 to 100 images that were on the – in the temporary Internet files on the computer. But what the judge was referring to, I think, was these two tapes that had been ordered. And in those cases, each one of them was a sting operation, if you will. And I think that that's what the judge was making reference to. But again, we come back, in a way, to the plain error argument that this – none of this was pointed out to the judge at the time. And I think that there's some obligation. On the other side of it, if you're a defendant and you think the judge is operating under some misapprehension of the facts, you would certainly bring that to the court and address it. I can't imagine a judge saying, no, you've already said what you had to say and it's my turn to talk and we're done. I'm sure that that would be reopened at the time. You know, we've – now that you mention it, though, you know, we've seen a lot of appeals now on the basis that the sentence is not reasonable, almost all of them from defendants. I don't know of a single case, though, maybe you can point one out to me, where the defendant objected at the time of the sentence and said, Your Honor, I object to the sentence because it's not reasonable. After the sentence was pronounced. Do you know of any case like that, where we've required that showing to be made? I'm not – I'm not aware of any, but if I was standing before a judge and I thought there was some misunderstanding of the facts or some legal issue, I'd bring it to the judge's attention as many times as I could. I wouldn't just let it go. I just – I think that the duty as a lawyer is to try to bring it to the court. That probably is a wiser course, no doubt about it. Well, I think there's a – the idea of the plain error or making a record is that you bring it to the judge's attention at a time when the judge can address it. And if there really is a legal or a factual issue, the judge can fix it at the time. I think the result is it ought to be reviewed for plain error. So for all those reasons, I respectfully submit that the judgment in this case ought to be affirmed. Thank you. Thank you very much. We'll now hear from the government. Mr. Nias, the balance of the time. And because I told you I'd do it in three minutes, we'll give you that extra time if you want. So we'll reset it for three minutes. And if you don't want to use the whole time, our feelings will not be hurt. Thank you, Your Honor. I think counsel does bring up some important issue. However, a quick review of Carty and Zavala indicates that during this court's recitation of the facts, there was no indication whatsoever that the defendants in that case filed objections. And in that case, the Court spent quite a bit of time reviewing the sentencing positions of both the government and the defendant as they were presented either on the record or in their filings prior to sentencing. Therefore, I would submit that Carty and Zavala do support the notion that the government does not have to stand up and enumerate its objections following sentencing to preserve the error. Which argues in favor of an abuse of discretion standard? Yes, it does, Your Honor. Okay. And under that abuse of discretion standard, Your Honor, Gall, Carty, and Zavala all require the Court, with deference, to look back at the factual basis for the persuasive magnitude of the facts supporting such a departure. Here, that departure was 22 levels, 22 levels from a sentence of to a sentence of probation. If there are unsupported and unsubstantiated reasons on the record, the sentence cannot be allowed to stand. From the government's perspective, can you envision any circumstance where the government would believe that a trial judge could, in effect, go off the guidelines entirely based upon his or her discretion? Yes, Your Honor. In making this, in sentencing someone? I'm not sure I understand Your Honor's question. Okay. What I'm saying is it seems, you know, you raised the issue of the 22 levels. It seems like you're saying, you know, he's not on the chart anymore, he's not following the guidelines. He can't do that. And first of all, I'm asking, is that correct? Can a trial judge, from the government's perspective, sentence someone outside the guidelines entirely? Yes, they can. And what would someone have to show to make that reasonable? Well, I believe, as I indicated earlier, there is a penumbra differentiation in shades of gray from the center. And it's difficult to determine what exactly a court has to do. I think here this example, though, does show what is not to be done. And as we begin to find those yardsticks by which other cases are measured, we look not only to the circumstances of the defendant, but we also look to the record for the substantiated bases. Thank you very much. Thank you both for your fine arguments. We appreciate it. The case just heard is submitted. And the next case on the docket is United States v. Dave.
judges: Thompson, Tashima, Smith